**2024 BNH 006**     Note:  This is an unreported opinion.  Refer to LBR 1050-1 regarding citation.
_____

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW HAMPSHIRE

In re:                                                                                         Case No. 24-10539-KB
                                                                                                    Chapter 13
Gerald Crete,

        Debtor.

*Tracy A. Kish, Esq.*
*Marcus E. Pratt, Esq.*
*Korde & Associates, P.C.*
*Lowell, Massachusetts*
*Attorney for Movant*

## MEMORANDUM OPINION

**I.   Introduction**

U.S. Bank Trust National Association, not in its individual capacity but solely as owner trustee for RCF 2 Acquisition Trust ("**U.S. Bank**"), filed a motion seeking an order (1) granting relief from the automatic stay and/or confirming that no stay is in place, and (2) granting *in rem* relief (the "**Motion**") with respect to real property owned by Gerald Crete (the "**Debtor**") located at 22 Old Coach Road, Hudson, NH 03051 (the "**Property**"). ECF No. 13.

A hearing was scheduled on the Motion on September 4, 2024 and on September 11, 2024. The Debtor failed to appear at either hearing. The Debtor also failed to file any response to the Motion as required by the August 30, 2024 deadline. *See* ECF No. 16. Based upon the uncontroverted allegations in the Motion and on the Court's own review of its docket, the request for *in rem* relief with respect to the Property under 11 U.S.C. § 362(d)(4)(B) is GRANTED. The

Court also confirms that the automatic stay never went into effect in this case pursuant to 11 U.S.C. § 362(c)(4)(A)(i).

## II. Jurisdiction

This Court has authority to exercise jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 157(a), 1334, and U.S. District Court for the District of New Hampshire Local Rule 77.4(a). This is a core proceeding under 28 U.S.C. § 157(b)(1) and (b)(2)(G).

## III. Facts

The Property is encumbered by a first mortgage given by the Debtor and Martha J. Laramee ("**Co-Debtor**") to Bank of America, NA dated February 13, 2008 and recorded at Hillsborough County Registry of Deeds in Book 7956, Page 759, as affected by a Final Decree of Judgment dated March 5, 2019 and recorded at said Registry of Deeds in Book 9158, Page 2783 (the "**Mortgage**"). The Mortgage secures a promissory note given by the Debtor and Co-Debtor to Bank of America, NA in the original principal amount of $300,000.00 (the "**Note**"). The Mortgage was originally given to Bank of America, NA and was later assigned to U.S. Bank by assignment dated November 30, 2022 and recorded at Hillsborough County Registry of Deeds in Book 9671, Page 1319. According to U.S. Bank, the Property is subject to multiple encumbrances totaling $2,205,351.36.

As set forth in the Worksheet Completed by the Mortgagee/Servicer in Support of Motion for Relief from Stay Involving Residential Real Property (the "**Worksheet**"), the Debtor currently owes U.S. Bank $520,477.91. ECF No. 13 at 1. The Debtor is in arrears for 103 months, as mortgage payments are due from January 19, 2016 through July 19, 2024. *Id.* at 2.

The present case is the Debtor's third bankruptcy filing. On August 4, 2023, the Debtor filed a case under chapter 13 of the Bankruptcy Code four days before a scheduled foreclosure auction of the Property. That case, Case No. 23-10423-BAH, was dismissed based on the Debtor's failure to file a chapter 13 plan and a certificate of credit counseling. Less than two weeks after it was dismissed, the Debtor commenced Case No. 23-10631-BAH on November 16, 2023, one day prior to a scheduled foreclosure auction of the Property. That case was dismissed on December 29, 2023 based on the Debtor's failure to file a chapter 13 plan and a verified statement regarding his creditors.

The instant case was filed on August 7, 2024 (the "**Petition Date**"), just two days before a scheduled foreclosure auction of the Property. On the Petition Date, the Debtor filed his petition, schedules, statement of financial affairs and other required documents. ECF No. 1. A majority of these documents are incomplete and contain large X marks in various sections. On the Petition, the Debtor indicated that he had not filed for bankruptcy within the last 8 years. *Id.* at 3. The Debtor also stated that within 1 year before he filed for bankruptcy, he was not a party to any lawsuit, court action or administrative proceeding. *Id.* at 14. Both of these statements are false.

The Co-Debtor has filed five total bankruptcy cases since 2019. As with the Debtor, each one of her cases was dismissed without her obtaining a discharge. *See* Case Nos. 19-11057-BAH, 19-11680-BAH, 23-10081-BAH, 24-10001-BAH and 24-10346-BAH.

On August 8, 2024, the Debtor filed a chapter 13 plan (the "**Plan**"). The Plan is incomplete and was filed using an outdated form. ECF No. 5. The Chapter 13 Trustee has separately moved to dismiss this case on the grounds that the Debtor's filing history

3

demonstrates a pattern of abuse that can only be remedied with a proscription against filing further bankruptcy cases in New Hampshire for a period of twenty-four months. ECF No. 8.

**IV. Discussion**

    **A. By Operation of 11 U.S.C. § 362(c)(4)(A)(i), the Automatic Stay Did Not Go Into Effect on the Petition Date.**

Pursuant to 11 U.S.C. § 362(c)(4)(A)(i):

> [I]f a single or joint case is filed by or against a debtor who is an individual under this title, and if 2 or more single or joint cases of the debtor were pending within the previous year but were dismissed, other than a case refiled under a chapter other than chapter 7 after dismissal under section 707(b), the stay under subsection (a) shall not go into effect upon the filing of the later case…

With respect to debtors with two or more prior cases, § 362(c)(4)(A)(i) clearly provides that "the stay under subsection (a) shall not go into effect upon the filing of the later case." *In re James*, No. BR 13-12924-JMD, 2014 WL 222839, at *5 (Bankr. D.N.H. Jan. 17, 2014).

It is indisputable that the Debtor (a) is an individual debtor, and (b) had two prior cases pending within the previous year that were dismissed. Therefore, the automatic stay did not go into effect upon the filing of this case based on § 362(c)(4)(A)(i).

    **B. The Imposition of *In Rem* Relief is Appropriate and Necessary Under 11 U.S.C. § 362(d)(4)(B).**

Based on the Debtor's and Co-Debtor's pattern of filing bankruptcy cases, *inter alia*, U.S. Bank has requested *in rem* relief with respect to the Property under 11 U.S.C. § 362(d)(4)(B).

> Section 362(d)(4)(B) provides:
>
> (4) with respect to a stay of an act against real property under subsection (a), by a creditor whose claim is secured by an interest in such real property, if the court finds that the filing of the petition was part of a scheme to delay, hinder, or defraud creditors that involved …
>
> (B) multiple bankruptcy filings affecting such real property.

4

> If recorded in compliance with applicable State laws governing notices of interests or liens in real property, an order entered under paragraph (4) shall be binding in any other case under this title purporting to affect such real property filed not later than 2 years after the date of the entry of such order by the court, except that a debtor in a subsequent case under this title may move for relief from such order based upon changed circumstances or for good cause shown, after notice and a hearing. Any Federal, State, or local governmental unit that accepts notices of interests or liens in real property shall accept any certified copy of an order described in this subsection for indexing and recording.

This statute provides that if an order entered under § 362(d)(4) is properly recorded under state law, it is binding in any subsequent bankruptcy case purporting to affect the subject real property for a period of two years after entry of the order. *In rem* relief addresses circumstances when a debtor is likely to file bankruptcy to frustrate foreclosure efforts, whether by the same or different persons. "Rather than barring the debtor from filing a bankruptcy case in the future, the *in rem* remedy directly addresses abuse of the automatic stay by prospectively eliminating it with regard to the lender's collateral even if there are future bankruptcy cases." *In re Gonzalez-Ruiz*, 341 B.R. 371, 384 (B.A.P. 1st Cir. 2006).

U.S. Bank, as the party seeking *in rem* stay relief, carries the burden of proving that it is entitled to such relief. *In re Anderson,* 594 B.R. 509, 514 (Bankr. Me. 2018) (citing *In re Olayer*, 577 B.R. 464, 468 (Bankr. W.D. Pa. 2017)). In order to grant U.S. Bank the relief it seeks, this Court must find that the filing of this case was part of a scheme to delay, hinder or defraud U.S. Bank. The Bankruptcy Code does not define what is meant by "scheme," but some courts have required the moving party to demonstrate the existence of "an artful plot or plan." *See, e.g., Lira v. Wells Fargo Bank, N.A. (In re Lira),* 2015 WL 4641600, at *6-7 (B.A.P. 9th Cir. Aug. 4, 2015). Section 364(d) does not require proof of nefarious intent by the Debtor but requires evidence of a plan to delay or hinder a creditor through multiple bankruptcies involving the same property.

Bankruptcy courts may "infer an intent to hinder, delay, and defraud creditors from the fact of serial filings alone," and "no evidentiary hearing [is] necessary for the Bankruptcy Court to make this determination ...." *In re Procel,* 467 B.R. 297, 308 (S.D.N.Y. 2012) (quoting *In re Blair*, No. 09–76150, 2009 WL 5203738, at *4–5 (Bankr. E.D.N.Y. Dec. 21, 2009)). An analysis as to whether a debtor has "evinced no true intention to reorganize [his] financial affairs" and whether a debtor's previous filings were "prosecuted to any meaningful degree" is also relevant. *In re Valid Value Properties, LLC,* No. 16-13299, 2017 WL 123751, at *7 (Bankr. S.D.N.Y. Jan. 5, 2017) (citing *Blair,* 2009 WL 5203738, at *3)). "It is well-settled that a debtor need not admit to having engaged in a scheme to hinder or delay creditors – the Court can draw an inference of a debtor's intent to hinder or delay from the filing of several bankruptcy cases, and the timing of those filings." *In re Kearns,* 616 B.R. 458, 467 (Bankr. W.D.N.Y. 2020) (multiple citations omitted). It has consistently been held that repeated bankruptcy filings on the eve of successive foreclosure attempts constitutes strong evidence of an intent to hinder and delay a secured creditor from collecting its property. *Id.*

This Court may take judicial notice of its docket, which reflects the Debtor's repeated filing of cases without making any meaningful attempt to obtain a discharge. *In re Mailman Steam Carpet Cleaning Corp.*, 196 F.3d 1, 9 (1st Cir. 1999) ("The bankruptcy court appropriately took judicial notice of its own docket."). This Court will infer an intent by the Debtor to delay the ability of U.S. Bank to foreclose its interest on the Property based on the serial filings with respect to the Property. On multiple occasions, the Debtor and the Co-Debtor have delayed U.S. Bank from pursuing its foreclosure remedies under the Mortgage. The Debtor has not made a mortgage payment in over eight years, and together with the Co-Debtor, they

6

have filed eight bankruptcy cases without evidencing any meaningful attempt to obtain a bankruptcy discharge.

Here, the Debtor did not *just* file a skeletal bankruptcy petition to initiate this case, but instead completed schedules and statement of financial affairs signed under the penalty of perjury. What this Court finds particularly troubling is that in completing and filing these bankruptcy papers, the Debtor made multiple false oaths, including by stating that he had not previously filed for bankruptcy relief and that within a year before he filed for bankruptcy, he was not a party to a lawsuit, court action or administrative proceeding. ECF No. 1 at 3 and 14. The Court does not find that these are simple mistakes. *Cf. In re Taal,* 520 B.R. 370, 378 (Bankr. D.N.H. 2014). In the Court's view, the Debtor's actions in this case and others relate to a greater intentional plot between the Debtor and the Co-Debtor to prevent U.S. Bank from foreclosing.

This Court will thus grant U.S. Bank *in rem* relief pursuant to § 364(d)(4) rendering the automatic stay under § 362(a) inapplicable with regard to the Property in any future bankruptcy cases affecting the Property filed not later than two years after the entry of the order granting the relief requested in the Motion. *See In re Rodriguez,* 516 B.R. 177, 179 n.2 (B.A.P. 1st Cir. 2014).


Date:  September 11, 2024            /s/ Kimberly Bacher
                                     Kimberly Bacher
                                     Chief Bankruptcy Judge